IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 09-0140 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION** |
| vs. | (Doc. 11.) |
| OCTAVIO HAROS, | |
| Defendant. | |

## INTRODUCTION

Defendant Octavio Haros ("defendant") is a federal prisoner and proceeds pro se to seek to reduce his 37-month prison sentence, pursuant to 28 U.S.C. § 2255 ("section 2255"), based on his status as a deportable alien. This Court considered defendant's section 2255 motion on the record and DENIES defendant's requested relief.

## BACKGROUND

### Plea Agreement

Defendant entered into an August 6, 2009 F.R.Crim.P. 11(c) Memorandum of Plea Agreement ("plea agreement") by which defendant voluntarily agreed to plead guilty to the felony of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. With the plea agreement, defendant agreed that a 37-month prison term "is part of an overall 'reasonable sentence.'" Defendant further agreed and/or acknowledged that he:

1

1. Would not seek "a downward departure or reduction of his sentence beyond the four (4) level departure agreed to by the government under this plea agreement";

2. Would not argue "for a term of imprisonment of less than thirty-seven (37) months";

3. Waived "all Constitutional and statutory rights to appeal his conviction and sentence" and "to attack collaterally . . . his plea, his sentence, including . . . , filing a motion under 28 U.S.C. § 2255"; and

4. Waived trial and appeal rights.

An August 12, 2009 judgment was entered to impose a 37-month sentence.

### Section 2255 Motion

Defendant filed his December 9, 2009 section 2255 motion to reduce his sentence in that his alien status deprived "his benefits and privileges."

### DISCUSSION

### Waiver

Defendant's waiver to attack his sentence collaterally with a 2255 motion precludes his claims that his sentence should be reduced due to his status as a deportable alien.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992), *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant waived and agreed not to attack his conviction by a 2255 motion. Defendant waived an attack on his sentence based on his status as a deportable alien.

**Deportable Alien Status**

Defendant appears to contend that this Court should reduce his offense level as a deportable alien to address different treatment afforded citizens and aliens.

A court may depart downward if it finds that "there exists an aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Sentencing Guidelines §5K2.0 finds departures from the stated guideline range appropriate when factors "that have not been given adequate consideration by the Commission" are present, or if "in light of the unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." The decision to depart from the relevant guideline is within the sound discretion of the sentencing court. *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir. 1996).

Generally, downward departure is discouraged due to a presumption that the Sentencing Commission, if only implicitly, considered all possible factors. *See, e.g., United States v. Restrepo*, 999 F.2d 640, 644 (2nd Cir. 1993). The United States Supreme Court has emphasized that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 2046 (1996).

Defendant appears to contend that he is entitled to a downward departure because as a deportable alien, his sentence is more severe than it would be if he were a United States citizen. Courts have considered effects of alienage on sentencing and agree that a sentencing court should not consider immigration-related consequences that are marginal or collateral to the sentence, including hardship of deportation or ineligibility for release to a half-way house. *See, e.g., United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993) ("collateral consequences from conviction are not a basis for downward departure"); *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990) ("possibility of deportation" is not an appropriate ground for departure).

The Ninth Circuit Court of Appeals has recognized that a downward departure from a stated

guideline requires a district court to make findings to consider the "structure and theory" of the guidelines as a whole, bearing in mind the Commission's expectation that departures based on grounds not mentioned in the Sentencing Guidelines are infrequent. *Charry Cubillos*, 91 F.3d at 1343. A sentencing court must indicate why a departure is so unusual to fall outside the heartland of cases. *Charry Cubillos*, 91 F.3d at 1343.

Further, the Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir.1990) (deportability is not a valid factor for departure because it merely describes the defendant's status, and does not "affect [defendant's] culpability or the seriousness of the offense."); *U.S. v. Lipman*, 133 F.3d 726, 730 (9th Cir. 1998) (a sentencing court cannot downwardly depart based on the fact that a defendant faces future deportation.)

Defendant offers nothing to suggest that his sentence falls outside the heartland of cases. Defendant fails to substantiate a sentencing error resulting from his status as a deportable alien or grounds for further downward departure. Nothing in the record supports section 2255 relief.

### Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F.3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a certificate of appealability. The clerk is directed to close any civil action opened in connection with this 2255 motion.

IT IS SO ORDERED.

Dated:   **December 11, 2009**                        /s/ Lawrence J. O'Neill
                                                                              UNITED STATES DISTRICT JUDGE